FINDINGS OF FACT AND CONCLUSIONS OF LAW
LUHRING, J.
This is a petition by the wife for an absolute divorce on the ground of adultery. The answer presents the question whether full faith and credit must be given a decree of absolute divorce granted to the defendant husband on the 1st day of August, 1933, by the Circuit Court of Baltimore City, Maryland.
*71 FINDINGS OF FACT
The plaintiff and the defendant Harris were married in the City of Washington, District of Columbia, on the 16th day of May, 1923, and shortly thereafter went to the State of Ohio where they lived and cohabited together as husband and wife for approximately six years. On or about the 10th day of January, 1930, they moved to Baltimore, State of Maryland, and established a permanent residence and continued to live together as husband and wife in that State until the 4th day of of May, 1930, when the defendant husband brought the plaintiff and their two minor children to the District of Columbia and here, without cause or justification, wilfully abandoned and deserted her. They have not lived together since as husband and wife. The defendant immediately, after abandoning and deserting the plaintiff, returned to Baltimore, Maryland, to reside, and at the times hereinafter mentioned was a bona fide resident of that City and State. The plaintiff is now and has been a bona' fide resident of the District of Columbia since the 4th day of May, 1930.
On the 28th day of July, 1930, the plaintiff sued the defendant in this court for a limited divorce, custody of the children and alimony pendente lite and permanently (Harris v. Harris, Equity No. 51682). The defendant Harris appeared by counsel and consented to an allowance of alimony pendente lite, and later filed a motion to dismiss the bill. Such further proceedings were had in that cause as that on the 17th day of October, 1933, the plaintiff was awarded a decree of divorce a mensa et thoro from the defendant, custody of the children and alimony in the sum of $12.50 weekly beginning October 17th, 1933.
While the suit for limited divorce was pending in this court, and, without the knowledge of the plaintiff, the defendant, on the 15th day of May, 1933, filed his bill against the plaintiff in the Circuit Court of Baltimore City *72 in the State of Maryland, for an absolute divorce on the ground that “on or about the 5th day of May, 1930, at Baltimore, Maryland, the Respondent (plaintiff here), without any just cause or reason, abandoned and deserted your orator (defendant here); that said abandonment and desertion had continued uninterruptedly for more than three years prior to the filing of this, his bill of complaint, and that the separation is beyond any reasonable hope or expectation of reconciliation.”
On the face of the Maryland record presented here, it appears that the husband alleged his residence in that State and sued the wife as a non-resident, who “was last heard from as being in the City of Washington, District of Columbia.” The record further discloses that no service was made upon the wife except by publication in the Daily Record, a daily newspaper published in the City of Baltimore, and that a copy of the complaint was not mailed or otherwise delivered to her.
The wife did not appear and there was a decree pro confesso on July 1st, 1933. Hearing was had before an Examiner July 18th, 1933, and a final decree for absolute divorce was awarded the husband on August 1st, 1933. He was married to the defendant corespondent, Mary Ellen Briggs, otherwise known as Mary Ellen Harris, on the 13th day of August, 1933, in Howard County, Maryland. They have since lived together in Maryland and have one child.
The decree of the Circuit Court of Baltimore City is relied upon by the defendant as a bar to the present suit.
The courts of equity of the State of Maryland are given jurisdiction of all applications for divorce. “If the party against whom the bill is filed be a nonresident, then such bill may be filed in the court where the plaintiff resides; and upon such bill the same process by summons, notice or otherwise shall be had to procure the answer and appearance of a defendant, as is had in other cases in chancery; *73 and in all cases, where, from the default of the defendant, a bill for divorce may be taken pro confesso, the court shall order testimony to be taken and shall decide the case upon the testimony so taken.” 1935 Supp. to Ann. Code, Md., Art. 16, Sec. 37.
Section 135, Art. 16, 1 Ann. Code, Md. (Bagby), is, in part, as follows:
“In all suits in chancery against non-residents . . ., the court may order notice to be given by publication, in one or more newspapers, stating the substance and object of the bill or petition, and warning such party to appear on or before the day feed in such order and show cause why the relief prayed should not be granted, and such notice shall be published as the court may direct, not less, however, than once a week for four successive weeks, previous to fifteen days before the day feed by such order for the appearance of the party; ...”
The section quoted also makes provision for the personal service of a copy of the order on the non-resident party, and gives to such service the same effect as service by publication. This is not material here, as the defendant did not avail himself of that provision, although he knew the residence address of the plaintiff in Washington, D. C.
As we have seen, the plaintiff did not abandon and desert the defendant, and his allegation to that effect in his bill, and on which the Maryland decree is based, is without foundation in fact. His attitude toward his wife and his purpose to desert and abandon her when he left her and the children in Washington, D. C., is clearly shown in the letter he wrote her under date of May 4th, 1930, upon his return to Baltimore. In this letter he tells his wife that he desires to vacate the house where they had lived in Baltimore, and requests her to arrange to take “what you want,” and suggests certain articles that she “can use, so that paying storage on them will not be necessary. ’ ’ He directs her to send “all my mail to me, General Delivery, at the Highlandtown Post Office,” and impresses upon *74 her that his firm “must be kept ignorant of my domestic conditions.”
The letter gives his reasons for abandoning and deserting the wife and children as follows:
“Gertrude, truly I know that I have a difficult task before me, namely, going on without my little family, but, as I’ve told you before, something within me has died and I cannot be happy with you until it is reawakened. . . . No, I’d rather be as is as I don’t feel I will ever be happy again with you until I have created a desire for you. Please try to adapt yourself. ...”
Thus, the defendant washed his hands of his marital obligations. However, the truth is that at that time he was interested in the corespondent. The facts were never fully presented to the Maryland court, and this letter was never read to the Examiner.
CONCLUSIONS
The facts in this case differ somewhat from the facts in the case of Haddock v. Haddock, 201 U. S. 562. There the parties were married in the State of New York in 1868, and, immediately following the marriage, the husband abandoned the wife and went to the State of Connecticut, where, in 1881, he obtained an absolute divorce. The divorce was based on constructive, and not actual, service of process, on the wife, who meanwhile remained domiciled in New York and never appeared in the action. The wife subsequently sued for divorce in New York and obtained personal service in that State on the husband, who pleaded the Connecticut judgment.
In the matter now under consideration, the defendant compelled the wife and children to leave his home. Indeed, he carried them to Washington, D. C., and left them there. He forced her to find domicile in the District of Columbia. She was without fault. He commences proceedings, in a court of his own domicile, for an absolute divorce, and the *75 court obtains jurisdiction over her only by publication, but renders a judgment of divorce which it is now claimed is conclusive against her in her action in the court of her own domicile.
In each case the husband was at fault. In the Haddock case the wife continued her residence at the matrimonial domicile. In the case at bar the husband continued to reside at the last matrimonial domicile. In the former case it was held that the wife was not constructively present in Connecticut, the husband’s domicile, and that, therefore, the decree of divorce, based upon substituted service, was not entitled to full faith and credit. The action of the Referee on the trial of the Haddock case in excluding the judgment roll in the Connecticut case from the evidence was sustained.
The defendant relies upon Atherton v. Atherton, 181 U. S. 155, but there the matrimonial domicile was the State of Kentucky, as also it was the domicile of the husband, and the wife abandoned him there and went to the State of New York. She was at fault, and, therefore, remained constructively present in Kentucky, so that a decree of divorce, based on a notice by mail in accord with the Civil Code of Practice of Kentucky, was given full faith and credit. Haddock case, 584.
When the defendant wrongfully abandoned the plaintiff in the District of Columbia, she had the right to acquire and did acquire an actual domicile here. Hnder such circumstances the matrimonial domicile will not be treated as the actual or constructive domicile of the wife. Therefore, she was not constructively present in Maryland by virtue of any matrimonial domicile in that State, and not having appeared in the divorce case, and only constructively served with notice of the pendency of that suit, it follows that the Maryland court did not acquire jurisdiction over the plaintiff. This court is not obliged, therefore, to give full faith and credit to the Maryland decree under the Federal Constitution. Haddock v. Haddock, supra.
*76 The rule of comity does not require this court to give effect to the Maryland divorce. There was fraud and imposition upon the Circuit Court of Baltimore City, when the defendant charged the plaintiff with abandonment and desertion.
The conclusion here reached is based upon the Haddock case. See, also, Parker v. Parker, 222 Fed. 186.
It follows that the plaintiff must be awarded a divorce a vinculo matrimonii from the defendant Harris on the ground of adultery as charged. She is awarded the custody of the minor children, and, for her support and that of tlje minor children, alimony in the sum of $300, payable forthwith, and $50 per month, payable each month hereafter until the further order of this court, and counsel fees in the sum of $200, payable forthwith.
The defendants will pay costs.
Counsel will prepare proper decree.
AMENDED FINDINGS OF FACT AND CONCLUSIONS OF LAW
Counsel for both parties appeared, and upon the oral motion of counsel for the defendant to modify the finding with respect to the monthly allowance of alimony in the sum of $50.00, the court has given further consideration to this allowance, and, after hearing the argument of counsel, and being sufficiently advised in the premises, finds that, because of the earnings of the defendant, he is at this time unable to make monthly payments of $50.00, and that the frndiug heretofore rendered should be amended so that he will be required to make monthly payments of $35.00 for the support of the plaintiff and the minor children until the further order of the court. In all other respects the findings and conclusions heretofore filed on the 1st day of April, 1936, will remain unchanged.
The decree will provide for a monthly allowance of $35.00 per month in lieu of $50.